UNITED STATES DISTRICT COURT
SHERMAN DISTRICT OF TEXAS
EASTERN DIVISION

| | | |
|---|---|---|
| COLIN ROSS, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>SHERMAN HEMP, LLC, ASHTEN LLC, JAY ASHLEY AND JAMIE ASHLEY,<br><br>DEFENDANTS | § § § § § § § § § § § § § § | CA 4:21-cv-986 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Colin Ross ("Named Plaintiff") on behalf of himself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred to as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against the above named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

**I.  NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants Sherman Hemp, LLC, Ashten LLC, Jay Ashley and Jamie Ashley ("Defendants") have violated the FLSA by failing to properly pay their employees overtime premiums for all hours worked over forty in a workweek.

3. Defendants operate two CBD Plus USA stores located in Sherman and Denton, Texas.

4. Defendants employed Plaintiff Ross as an hourly, non-exempt sales associate, but did not pay him overtime premiums when he worked more than forty hours in a workweek.

5. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendants' compensation policies, Named Plaintiff brings this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

6. Named Plaintiff Colin Ross is an individual residing in this judicial district.  His notice of consent is attached to Plaintiff's Original Complaint as Exhibit A.

7. At all relevant times, Ross was an "employee" of Defendants as defined by the FLSA.

8. At all relevant times, Defendants jointly acted as Ross's "employer" as defined by the FLSA.

9. Defendant Sherman Hemp, LLC is a domestic limited liability company formed and existing under the laws of Texas.

10. Defendant Sherman Hemp, LLC can be served with process by serving its registered agent, Ronnie Wooten, at 3004 Monties Lane, Arlington, Texas 76015.

11. Defendant Sherman Hemp, LLC was an employer of Named Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

12. Defendant Ashten, LLC is a domestic limited liability company formed and existing under the laws of the State of Texas.

13. Defendant Ashten, LLC can be served by serving its registered agent for service of process, Ronnie

Wooten, at 3004 Monties Lane, Arlington, Texas 76015.

14. Defendant Ashten, LLC was an employer of Named Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

15. Defendant Jay Ashley is an individual residing in Oklahoma.

16. Defendant Jay Ashley can be served at 5342 Dickson Road, Ardmore Oklahoma, 73401.

17. Defendant Jay Ashley was an employer of Named Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

18. Defendant Jamie Ashley is an individual residing in Oklahoma.

19. Defendant Jamie Ashley can be served at 5342 Dickson Road, Ardmore Oklahoma, 73401.

20. Defendant Jamie Ashley was an employer of Named Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

### III. JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction in this matter because Named Plaintiff asserts claims arising under federal law. Specifically, Named Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

22. The Court has personal jurisdiction over Defendants because Defendants conduct business in this judicial district and have entered into relationships with Plaintiff in this judicial district and have committed actions in this judicial district that give rise to this cause of action.

23. Venue is proper in the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. § 1391(b), because Defendants are located in and do business in this Division. Inasmuch as Defendants are subject to this Court's personal jurisdiction for purposes of this civil action,

Defendants reside in this district and division.   Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

24. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

25. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26. At all times hereinafter mentioned, Defendants Sherman Hemp, LLC and Ashten LLC have each been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

27. At all times hereinafter mentioned, Defendants Sherman Hemp, LLC and Ashten LLC have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are each an enterprise and have each had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that each enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

28. Named Plaintiff and Class Members handled and otherwise worked with equipment, such as telephones, computers, credit card machines and cash registers that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

29. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged

in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

30. Defendants Jay and Jamie Ashley are CBD Plus USA franchisees.

31. CBD Plus USA stores sell CBD products to the general public.

32. Defendants Jay and Jamie Ashley own and operate at least two CBD Plus USA stores in Texas.

33. One CBD Plus USA store owned and operated by Defendants Jay and Jamie Ashley is located in Sherman, Texas.

34. The Sherman store operates under the name Sherman Hemp, LLC.

35. Both Jay and Jamie Ashley are members and directors of Sherman Hemp, LLC.

36. The second CBD Plus USA store owned and operated by Defendants Jay and Jamie Ashley is located in Denton, Texas.

37. The Denton store operates under the name Ashten, LLC.

38. Both Jay and Jamie Ashley are members and directors of Ashten LLC.

39. At all times hereinafter mentioned, Jay and Jamie Ashley exercised managerial responsibilities and substantial control over their employees, including Ross, and the terms and conditions of his employment.  Jay and Jamie Ashley had the authority (and exercised that authority) to do the following: hire, fire and direct Sherman Hemp, LLC's and Ashten, LLC's employees, including Ross; supervise and control the employment relationships and work schedules of Sherman Hemp, LLC's and Ashten, LLC's employees, including Ross; set and determine the rate and method of pay of Sherman Hemp, LLC's and Ashten, LLC's employees, including Ross; and decide whether Ross and others received overtime compensation.

40. Defendants employed Plaintiff Ross as an hourly, non-exempt sales associate.

41. Defendants employed Ross at both the Sherman and Denton stores.

42. At all relevant times, Defendants Jay and Jamie Ashley used employees interchangeably between both stores.

43. Plaintiff Ross was always subject to Defendants Jay and Jamie Ashley's management, control and direction regardless of whether he worked at the Sherman or Denton store.

44. Defendants Jay and Jamie Ashley would also direct employees, including Plaintiff Ross, to transfer inventory between the stores.

45. Defendants Sherman Hemp, LLC and Ashten LLC shared the same owners and directors.

46. Defendants Sherman Hemp, LLC and Ashten LLC shared the same employees.

47. All Defendants jointly employed Plaintiff and all other employees working at the Sherman and Denton stores.

48. The joint employment doctrine "treats a worker's employment by joint employers as 'one employment' for purposes of determining compliance with the FLSA's wage and hour requirements." *Salinas v. Commercial Interiors, Inc.*, 848 F.3d 125, 134 (4th Cir. 2017); accord 29 C.F.R. § 791.2(a) ("[A]ll of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act.").  Thus, a finding of joint employment requires that the hours an employee works for each joint employer "be aggregated for overtime pay purposes" and that the joint employers be held jointly and severally liable for any failure to pay proper overtime compensation. *Wirtz v. Hebert*, 368 F.2d 139, 141 (5th Cir. 1966); *Mitchell v. John R. Cowley & Bro., Inc.*, 292 F.2d 105, 111–12 (5th Cir. 1961).

49. Even though Defendants jointly employed Plaintiff, Defendants refused to combine the hours Plaintiff worked for both Sherman Hemp, LLC and Ashten, LLC each week for overtime purposes.

50. Instead, Defendants Sherman Hemp, LLC and Ashten LLC would pay Ross from both entities each pay period, as if Sherman Hemp, LLC and Ashten LLC were totally independent and unrelated companies.

51. Although they consistently worked very long hours, well over forty hours per week, Plaintiffs were not paid overtime premiums for any hours worked over forty per week.

52. Defendants required the Plaintiffs to work the long hours described above, and thus knew that Plaintiffs regularly worked in excess of 40 hours per week. Nonetheless, Defendants failed and refused to compensate Plaintiffs at a rate that is not less than time-and-one-half their regular rates of pay for all hours worked in excess of 40 in a workweek.

53. Defendants have jointly employed and are jointly employing other individuals as non-exempt hourly employees who have performed the same job duties under the same pay provisions as Named Plaintiff, in that they have performed, or are performing, the same job duties and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay for all hours worked over forty per workweek.

54. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay Named Plaintiff and the Class Members for all hours worked over forty per workweek.

## VI. COLLECTIVE ACTION ALLEGATIONS

55. Named Plaintiff and the Class Members have performed—and are performing—the same or similar job duties as one another. Further, Named Plaintiff and the Class Members were subjected to the same pay provisions in that they were not paid overtime premiums for any hours worked over forty per workweek. Thus, the Class Members are owed one and one-half their properly

calculated regular hourly rate for all hours worked over forty in a workweek without regard to their individualized circumstances.

56. Defendants have a policy or practice of not paying their employees overtime premiums for any hours worked over forty per workweek. These policies or practices are and have been, at all relevant times, applicable to the Named Plaintiff and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, the same policies or practices that resulted in the refusal to pay overtime compensation for any hours worked over forty per workweek to Named Plaintiff also applied to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former hourly sales associate who were employed, either jointly or individually, by Defendants and were not compensated for all hours worked over forty per workweek.**

## VII. CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

57. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their correct regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs in accordance with applicable law.

58. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the correct regular rate at which their employees are paid are applicable to the Named Plaintiff or Class Members.

## VIII. PRAYER FOR RELIEF

Named Plaintiff and the Class Members pray for an expedited order directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, upon trial of this cause, judgment against all Defendants, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

b. For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

c. For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees;

d. For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*;

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

MORELAND VERRETT, P.C.


/s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
700 West Summit Dr.
Wimberley, Texas 78676
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com


**ATTORNEY FOR PLAINTIFF**